IN THE MATTER OF THE CONSTRUCTION OF A HEALTH CARE FACILITY BY WILKESBORO, LIMITED, A PARTNERSHIP

No. 8123SC321

(Filed 5 January 1982)

Administrative Law § 5; Hospitals § 2.1— health care facility—exemption from certificate of need requirement—final agency decision—aggrieved party—judicial review

   A letter from the Department of Human Resources informing respondent that the Department was satisfied that respondent had commenced construction of a health care facility prior to 1 January 1980 and could proceed without meeting the requirements of the Certificate of Need Law, G.S. 131-175 *et seq.,* was a final agency decision in a contested case as required for judicial review pursuant to G.S. 150A-43. Furthermore, petitioner, a prospective competitor of respondent, was a "person aggrieved" and could seek judicial review of the Department's decision that respondent was not required to obtain a certificate of need in order to construct the health care facility. G.S. 131-176(6), (9); G.S. 131-185(b); G.S. 150A-2.

APPEAL by petitioner from *Rousseau, Judge.* Order entered 13 February 1981, in Superior Court, WILKES County. Heard in the Court of Appeals 11 November 1981.

This action arose out of the proposed construction of a health care facility in Wilkes County. The petition filed in the cause set forth the following allegations: The respondent, Wilkesboro, Limited (hereinafter Wilkesboro), obtained approval for the pro-

posed health care facility under § 1122, P.L. 92-603.[1] Petitioner, Vespers, Inc. (hereinafter Vespers), operates a skilled nursing facility within two miles of the site selected by respondent. Prior to 1 January 1980, the petitioner had closely monitored all construction activities of respondent and had determined that respondent had not commenced construction prior to that time. After 1 January 1980, petitioner, through its corporate officers, notified respondent Department of Human Resources[2] (hereinafter DHR) on several occasions that respondent Wilkesboro had not started construction and that the exemption from compliance with the Certificate of Need Law, G.S. §§ 131-175 *et seq.*, as outlined in Session Laws 1977, 2nd Sess., c. 1182, s. 4, no longer applied to Wilkesboro. On 22 May 1980, DHR wrote Wilkesboro informing it that DHR was satisfied that Wilkesboro had commenced construction and that it could proceed without meeting the requirements of the Certificate of Need Law. The petitioner requested a reconsideration of DHR's decision. On 28 July 1980, the Certificate of Need Section, DHR, denied the petitioner's request.

Thereafter, petitioner sought judicial review of the denial of its request for reconsideration. Both of the respondents filed motions to dismiss the action which were granted by the trial court. The court found that the petitioner was not an aggrieved party under G.S. § 150A-2, and that the 22 May 1980 letter from DHR was not a final agency decision in a contested case as required for judicial review by G.S. § 150A-43. From this order, petitioner appealed.

1. Section 1122, P.L. 92-603 is a reference to § 221 of P.L. 92-603 amending § 1122 of the Social Security Act. See footnote 3 below.

2. The State respondents in this action are Dr. Sarah Morrow, Secretary of Human Resources; I. O. Wilkerson, Jr., Director, Division of Facility Services, North Carolina Department of Human Resources; Gary Vaughn, Chief, Certificate of Need Section, Division of Facility Services, North Carolina Department of Human Resources; Mike Pedneau, Director, Division of Plans and Operations, North Carolina Department of Human Resources; Chief, State Health Planning and Development Agency, Division of Plans and Operations, North Carolina Department of Human Resources; and Robert Hillman, Assistant Attorney General, North Carolina Department of Justice. For simplicity, we shall refer to them collectively as the respondent DHR or simply DHR.

*Attorney General Edmisten, by Assistant Attorney General Robert L. Hillman, for the State respondents.*

*McElwee, Hall, McElwee & Cannon, by William H. McElwee, III and William C. Warden, Jr., for petitioner appellant.*

*Bode, Bode & Call, by Robert V. Bode, for respondent Wilkesboro, Limited.*

MORRIS, Chief Judge.

The North Carolina Certificate of Need Law, G.S. 131-175 et seq., effective 1 January 1979, recognized, among other things, the "trend of proliferation of unnecessary health care facilities and equipment" and the resulting "costly duplication and underuse of facilities," G.S. 131-175(4). The General Assembly, in enacting the Law, found further:

> That the general welfare and protection of lives, health and property of the people of this State require that new institutional health services to be offered within this State be subject to review and evaluation as to type, level, quality of care, feasibility, and other criteria as determined by provisions of this Article or by the North Carolina Department of Human Resources pursuant to provisions of this Article prior to such services being offered or developed in order that only appropriate and needed institutional health services are made available in the area to be served.

G.S. 131-175(7). Under the law, no person can undertake new institutional health services or health care facilities without first applying for (G.S. 131-180) and obtaining a certificate of need. G.S. 131-178(a).

North Carolina Session Laws 1977, 2d Sess., c. 1184, s. 4 provided that the act would not apply to any project which had received approval under the program of 42 U.S.C. § 1320a-1 (Section 1122 of the federal Social Security Act, as amended by § 221, P.L. 92-603,[3]) prior to 1 January 1979, so long as construction of

---

3. Session Laws 1977, 2d Sess., c. 1182, s. 4 actually referred to Section 1122, P.L. 92-603. P.L. 92-603, however, contains no Section 1122, but does contain Section 221 amending Section 1122 of the Social Security Act. It is the amended section to which the session law refers.

the project commenced before 1 January 1980. The amended Section 1122 provided a procedure by which the federal government, in cooperation with the various states, reviewed proposed capital expenditures for health care facilities in order to eliminate expenditures for unnecessary facilities. It is logical, therefore, that North Carolina's exemption from the Certificate of Need Law of projects approved under the federal program before 1 January 1979, and on which construction had commenced prior to 1 January 1980, was designed to avoid two review processes, one by the federal government and one by the State. On the other hand, by requiring commencement of construction prior to 1 January 1980, the legislature recognized that a delay in construction of a federally-approved project could be extensive enough to warrant a new State review.

Judicial review of actions taken under the Certificate of Need Law is governed by the North Carolina Administrative Procedure Act (hereinafter NCAPA), Chapter 150A of the General Statutes:

> Any proponent of a new institutional health service or capital expenditure project or any person who qualifies as a "party" or "person aggrieved" under G.S. 150A-2 shall have all the rights of appeal and judicial review available under Articles 3 and 4 of Chapter 150A.

G.S. 131-185(b). Article 4 of Chapter 150A governs the right to judicial review:

> Any person who is aggrieved by a final agency decision in a contested case, and who has exhausted all administrative remedies made available to him by statute or agency rule, is entitled to judicial review of such decision under this Article, unless adequate procedure for judicial review is provided by some other statute, in which case the review shall be under such other statute. Nothing in this Chapter shall prevent any person from invoking any judicial remedy available to him under the law to test the validity of any administrative action not made reviewable under this Article.

G.S. 150A-43. In order, therefore, for a person to be entitled to judicial review under the NCAPA, (1) he must be a person aggrieved; (2) the agency decision must be a final one; and (3) the case in which the review is sought must be a contested one.

Definitions of "contested case" and "person aggrieved" are found in G.S. 150A-2:

(2) "Contested case" means any agency proceeding, by whatever name called, wherein the legal rights, duties or privileges of a party are required by law to be determined by an agency after an opportunity for an adjudicatory hearing. Contested cases include, but are not limited to proceedings involving rate-making, price-fixing and licensing. Contested cases shall not be deemed to include rule making, declaratory rulings, or the award or denial of a scholarship or grant.

. . . .

(6) "Person aggrieved" means any person, firm, corporation, or group of persons of common interest who are directly or indirectly affected substantially in their person, property, or public office or employment by an agency decision.

Furthermore, G.S. 131-176(9) defines a "final decision" under the Certificate of Need Law as "an approval, a denial, an approval with conditions, or a deferral."

With this statutory scheme as background, we have reviewed the action taken by petitioner Vespers, Inc. in order to determine whether the trial court properly dismissed the action. We decide that the trial court erred in concluding that petitioner was not an aggrieved party and that the 22 May 1980 letter was not a final agency decision in a contested case. Dismissal of the action was, therefore, improper.

The action taken by respondent DHR in its 22 May 1980 letter relieving Wilkesboro, Limited of the requirement to apply for a certificate of need amounted to an agency determination of the legal duties of Wilkesboro, Limited. Although the record reveals no adjudicatory hearing, we believe that the case was a contested one. According to the petition filed by Vespers, the officials of respondent DHR had been informed that there was a question as to whether respondent Wilkesboro had commenced construction on the proposed health care facility before 1 January 1980. DHR, as the designated State Health Planning and Development Agency, had the duty to fulfill the purpose of the Certificate of Need Law, G.S. 131-177, and should have determined whether Wilkes-

boro had commenced construction before 1 January 1980, or whether it had a legal duty to submit an application for a certificate of need. The term *commencement of construction* as used in the act has a specific definition, found at G.S. 131-176(6):

"Commencement of Construction" means that all of the following have been completed with respect to a project:

a. A written contract executed between the applicant and a licensed contractor to construct and complete the project within a designated time schedule in accordance with final architectural plans;

b. Required initial permits and approvals for commencing work on the project have been issued by responsible governmental agencies; and

c. Actual construction work on the project has started and a progress payment has been made by the applicant to the licensed contractor under terms of the construction contract.

This definition, almost verbatim, is also found at N.C.A.C. 10 3R .0104(11). There is nothing in the record which discloses that respondent DHR had made determinations concerning construction contracts, permits, or progress payments. It nevertheless had approved Wilkesboro's continued development of the health care facility, thereby exempting Wilkesboro from the certificate of need requirement.

Furthermore, we find that the 28 July 1980 letter of respondent DHR refusing petitioner's request for a reconsideration of the issue constituted a final agency decision under G.S. 131-176(9). The letter set forth three types of hearings available under the administrative code and erroneously concluded, as made apparent by this opinion, that none of the three was applicable:

A "contested case" hearing is one "wherein the legal rights, duties or privileges of a party are required by law to be determined by an agency after an opportunity for an adjudicatory hearing." G.S. 150A-2(2). Vespers is not entitled to a contested case hearing pursuant to 10 NCAC 1B .0200 because it is not seeking a determination of its legal rights, duties or privileges. Rather, Vespers is seeking a determination of Wilkesboro's legal rights, duties or privileges.

Vespers is also not entitled to either a reconsideration or certificate of need hearing under 10 NCAC 3R .0801 and .0803. Both are available only after the Certificate of Need Section has made a decision on an application for a certificate of need. Further, only an "aggrieved person" is entitled to either a reconsideration or certificate of need hearing and Vespers is not a "person aggrieved" by the agency's decision.

"Person aggrieved" means any person, firm, corporation, or group of persons of common interest who are directly or indirectly affected substantially in their person, property, or public office or employment by an agency decision.

G.S. 150A-2(6). The sole basis advanced in the Request as to why Vespers is a person aggrieved is that it is a competitor of Wilkesboro. Vespers has not stated that this agency's decision has a substantial impact on it and this agency cannot find such an impact.

For the reasons set forth above, the Request of Vespers is hereby denied. Any right of appeal which Vespers may have under Article 4 of Chapter 150A of the General Statutes may be waived if a petition is not filed within 30 days after this decision is served.

It is obvious from this letter that the agency had reached its final decision concerning Wilkesboro's exemption and that judicial review was the appropriate avenue for relief.

Finally, we have determined that Vespers, Inc. was a person aggrieved within the meaning of the NCAPA and was, therefore, eligible to seek judicial review of DHR's decision that Wilkesboro, Limited was not required to undergo the review process of the Certificate of Need Law. In *Orange County v. Dept. of Transportation*, 46 N.C. App. 350, 265 S.E. 2d 890, *disc. rev. denied* 301 N.C. 94, 273 S.E. 2d 299 (1980), this Court adopted the Supreme Court's interpretation of "person aggrieved" as that term was used in the Judicial Review Act, the predecessor to the NCAPA:

The expression "person aggrieved" has no technical meaning. What it means depends on the circumstances involved. It has been variously defined: "Adversely or injuriously affected; damnified, having a grievance, having

suffered a loss or injury, or injured; also having cause for complaint. More specifically the word(s) may be employed meaning adversely affected in respect of legal rights, or suffering from an infringement or denial of legal rights."

*In re Halifax Paper Company, Inc.*, 259 N.C. 589, 595, 131 S.E. 2d 441, 446 (1963), (citations omitted).

*Id.* at 360, 265 S.E. 2d at 899. The "person aggrieved" provision determines the "standing" of a person to invoke judicial review. Daye, *North Carolina's Administrative Procedure Act: An Interpretive Analysis*, 53 N.C.L. Rev. 833 (1975).

We believe that Vespers, Inc. which already operated a nursing care facility in Wilkes County was injuriously affected by DHR's decision that Wilkesboro had commenced construction prior to 1 January 1980, and, therefore, need not apply for a certificate. As a prospective competitor, Vespers had a substantial stake in the outcome of the controversy that would cause it to seek full adjudication of the issue it sought to raise. This Court can, in fact, think of no better person to assure complete review of this issue. We think, therefore, that Vespers should have been allowed a hearing by DHR on the question of when construction was commenced by Wilkesboro. That determination, in turn, would have settled the question of whether Wilkesboro had to apply for a certificate of need.

For the foregoing reasons the order of the trial court is vacated, and the case is remanded to DHR for action consistent with this opinion.

Vacated and remanded.

Judges ARNOLD and BECTON concur.