THE CHARLOTTE-MECKLENBURG HOSPITAL AUTHORITY AND CHAR-
LOTTE REHABILITATION HOSPITAL v. NORTH CAROLINA DEPART-
MENT OF HUMAN RESOURCES, HONORABLE PHILIP J. KIRK, JR. (IN HIS
CAPACITY AS SECRETARY OF THE NORTH CAROLINA DEPARTMENT OF HUMAN RE-
SOURCES) AND MERCY HOSPITAL, INC.

No. 8610DHR282

(Filed 21 October 1986)

Hospitals § 2.1— award of certificate of need—denial of request for contested case
hearing—appeal to Court of Appeals improper

Where defendant issued a certificate of need for 29 rehabilitation beds to
Mercy Hospital instead of to plaintiff, and defendant then denied plaintiff's re-
quest for a contested case hearing pursuant to N.C.G.S. § 131E-188(a),
plaintiff's appeal to the Court of Appeals should be dismissed for lack of
jurisdiction, and plaintiff should first exhaust its remedies in the Wake County
superior court.

APPEAL by the Charlotte-Mecklenburg Hospital Authority
and Charlotte Rehabilitation Hospital from the decision of the
Department of Human Resources to issue a Certificate of Need on
27 August 1985 to Mercy Hospital, Inc. Heard in the Court of Ap-
peals 22 August 1986.

*Robinson, Bradshaw & Hinson, P.A., by Richard A. Vinroot
and David C. Wright III for plaintiff appellant.*

*Attorney General Lacy H. Thornburg, by Assistant Attorney
General Sueanna P. Peeler, for defendant appellee North Carolina
Department of Human Resources.*

*Moore, Van Allen, Allen & Thigpen, by Noah H. Huffstetler
III, Julia V. Jones and Denise Smith Cline for defendant appellee
Mercy Hospital, Inc.*

BECTON, Judge.

This appeal concerns the North Carolina Department of Hu-
man Resources' decision to issue a Certificate of Need for twenty-
nine rehabilitation beds to Mercy Hospital, Inc. (Mercy) instead of
Charlotte-Mecklenburg Hospital Authority/Charlotte Rehabilita-
tion Hospital (CRH). The Department of Human Resources (the
Department) denied CRH's request for a contested case hearing
pursuant to N.C. Gen. Stat. Sec. 131E-188(a) (1985 Cum. Supp.),

and CRH appeals. We conclude that CRH's appeal should be dismissed for lack of jurisdiction.

I

Pursuant to a need identified in the 1985 State Medical Facilities Plan, CRH and Mercy both filed applications for a Certificate of Need to provide twenty-nine additional rehabilitation beds in Health Service Area III. Mercy's application was approved, and CRH's application was denied. CRH then sent a timely, written request for a contested case hearing, pursuant to 10 NCAC 3R.0408 (1985), which stated in pertinent part:

This is to notify you that the Charlotte-Mecklenburg Hospital Authority and Charlotte Rehabilitation Hospital request a contested case hearing regarding the disapproval of its Certificate of Need Application.

CRH contends that this request was sufficient to notify the Department that CRH intended to appeal not only the *disapproval* of its own application, but also the *approval* of Mercy's application. However, the Department, construing the request as effective to contest the disapproval of CRH's application only, issued a Certificate of Need to Mercy effective 27 August 1985.

CRH then filed a Petition for a Writ of Supersedeas and a Motion for Temporary Stay, a Petition for Writ of Mandamus as well as a notice of appeal to this Court. On 27 September 1985, this Court granted the petition for Writ of Supersedeas, stayed the issuance of the Certificate of Need to Mercy, and ordered the Certificate of Need suspended pending the outcome of this appeal.

Several questions are presented for review, but, according to CRH, the principal question presented by this appeal is whether CRH, having properly perfected a request pursuant to the applicable statutes and regulations, was improperly denied a contested case hearing. The threshold jurisdictional question is whether CRH has met the requirements for an appeal of right to this Court under N.C. Gen. Stat. Sec. 131E-188(b) (1985 Cum. Supp.). Because we resolve the jurisdictional question against CRH, we need not address the other questions.

II

N.C. Gen. Stat. Sec. 131E-188(b) provides in pertinent part:

(b) Any affected person who was a party in a contested case hearing shall be entitled to judicial review of all or any portion of any final decision of the Department in the following manner. The appeal shall be to the Court of Appeals as provided in G.S. 7A-29(a) . . . .

Mercy argues, and we agree, that since there has been no "contested case hearing" in this case, CRH has not met the jurisdictional requirement for an appeal directly to this Court. CRH counters that a "contested case" need not necessarily encompass an adjudicatory hearing, citing N.C. Gen. Stat. Sec. 150A-2 (1983) and *In re Construction of a Health Care Facility by Wilksboro, Limited,* 55 N.C. App. 313, 285 S.E. 2d 626, *review denied,* 305 N.C. 395, 290 S.E. 2d 365 (1982), in support of that contention.

*Wilksboro,* as CRH concedes, involved an interpretation of N.C. Gen. Stat. Sec. 150A-43 (1978), and not G.S. Sec. 131E-188(b), the section at issue in the instant case. G.S. Sec. 150A-43 authorized an appeal to the Wake County Superior Court for a person aggrieved by a "final agency decision" in a "contested case." At issue in *Wilksboro* was whether there had in fact been a "final agency decision" pursuant to which a person aggrieved could seek judicial review under G.S. Sec. 150A-43. This Court found that the phrase "contested case" in that statute was not necessarily intended to refer only to actions in which an adjudicatory hearing had been held, but rather to "any agency proceeding, by whatever name called, wherein the legal rights, duties and privileges of a party are required by law to be determined by an agency after an opportunity for an adjudicatory hearing." *See* G.S. Sec. 150A-2(2).

Although CRH argues that G.S. Sec. 131E-188(b), which became effective approximately two years after the *Wilksboro* decision, should be read to impart the same meaning as G.S. Sec. 150A-43, we are not persuaded. The legislature may have sought to override *Wilksboro.* In any event, G.S. Sec. 131E-188(b) and G.S. Sec. 150A-43 differ in several respects, most significantly in that G.S. Sec. 131E-188(b) provides an appeal directly to this Court for "[a]ny affected person who was a party in a contested case *hearing*" while G.S. Sec. 150A-43 provides a right to judicial review for "[a]ny person who is aggrieved by a final agency decision in a contested case." We decline, as appellant suggests, to

read the insertion of the word "hearing" in G.S. Sec. 131E-188(b) as mere surplusage, and we are constrained to interpret such changes on the supposition that the legislature intended to add some meaning to the statute. *See Lafayette Transportation Service, Inc. v. Robeson County*, 283 N.C. 494, 196 S.E. 2d 770 (1973).

Although we do not have the benefit of a published legislative history to explain the insertion of the word "hearing" into G.S. Sec. 131E-188(b), our research has revealed that under G.S. Sec. 150A-43, which governed certificate of need cases before G.S. Sec. 131E *et seq.* was adopted, a party aggrieved by a final agency decision, including but not limited to a decision rendered after an opportunity for a contested case hearing, had the right to a hearing *de novo* in the Wake County Superior Court. *See* N.C. Gen. Stat. Sec. 150A-45 (1983). Thus, even though a full adjudicatory hearing on the merits of an often complicated and voluminous case had already been held at the agency level, the parties' efforts would be duplicated in the Superior Court prior to the inevitable appeal to this Court.

Apparently seeking to expedite the certificate of need process and to eliminate the unnecessary step of a second full adjudicatory hearing on the merits, the legislature wrote the new statute to provide for an appeal directly to this Court from an adverse decision after a contested case hearing, while all parties aggrieved by any other final agency decision are still required to appeal to the Wake County Superior Court pursuant to N.C. Gen. Stat. Sec. 131E-191(b) (1985 Cum. Supp.).

We do not believe the legislature intended direct appeals to this Court when there had not even been a "first" full adjudicatory hearing in which a record could have been developed. Thus, we conclude that CRH is not entitled to review in this Court until its remedies have been exhausted in the Superior Court. The Certificate of Need issued to Mercy remains suspended pending disposition of this case in the Superior Court.

Appeal dismissed.

Judges JOHNSON and COZORT concur.