ROWAN HEALTH PROPERTIES, INC. v. NORTH CAROLINA DEPARTMENT
OF HUMAN RESOURCES, DIVISION OF FACILITY SERVICES, CERTIFI-
CATE OF NEED SECTION; TRIAD MEDICAL SERVICES, INC.; SPENCER
MERIDIAN LIMITED PARTNERSHIP; MERIDIAN NURSING CENTERS,
INC.; AND AUTUMN CORPORATION

No. 8710DHR626

(Filed 15 March 1988)

Hospitals § 2.1— certificate of need—appeal—requirement of contested hearing

> An appeal by Rowan Hospital Authority from a decision by the Depart-
> ment of Human Resources that Rowan Health Properties was not entitled to a
> contested case hearing after the denial of its application for a certificate of
> need was dismissed because an actual contested case hearing is a jurisdictional
> prerequisite for a direct appeal to this Court from a final agency decision.
> Rowan Health Properties' only avenue of relief lay in an appeal to Wake Coun-
> ty Superior Court. N.C.G.S. § 131E-188(b).

APPEAL by Rowan Health Properties from Order of the
North Carolina Department of Human Resources entered 19 Sep-
tember 1986. Heard in the Court of Appeals 9 December 1987.

*Thomas S. Erwin for Rowan Health Properties, plaintiff-ap-
pellant.*

*Attorney General Lacy H. Thornburg, by Assistant Attorney
General Sueanna P. Peeler and Richard A. Hinnant, Jr., for North
Carolina Department of Human Resources, defendant-appellee.*

*House, Blanco & Osborn, P.A., by Gene B. Tarr and Margue-
rite Self, for Triad Medical Services, Inc., intervenor-appellee.*

*Moore & Van Allen, by Noah H. Huffstetler, III, Julia V.
Jones, Dean M. Harris, and Margaret A. Nowell, for Spencer Me-
ridian Limited Partnership and for Meridian Nursing Centers,
Inc., intervenor-appellees.*

*Smith, Helms, Mullis & Moore, by Maureen Demarest Mur-
ray and Deborah L. Hayes, for Autumn Corporation, intervenor-
appellee.*

BECTON, Judge.

This appeal by Rowan Health Properties, Inc. (RHP) arises
from a decision of the North Carolina Department of Human Re-
sources (DHR) concerning the issuance of certificates of need

among competing applicants. We conclude that, because RHP is not a "party in a contested case hearing" within the meaning of N.C. Gen. Stat. Sec. 131E-188(b) (1986), the appeal must be dismissed for lack of jurisdiction.

I

The 1984 State Medical Facilities Plan identified a need for 237 additional long term care beds in Rowan County. One of fifteen applicants, RHP applied to DHR on 15 November 1984 for a certificate of need to lease and operate a long term care facility to be developed and built by another certificate of need applicant, Health Care and Retirement Corporation of America (HCR). By letters dated 29 April 1985, the Certificate of Need Section notified all applicants that the applications of appellees, Triad Medical Services, Inc. (Triad), Spencer Meridian Limited Partnership (Spencer Meridian), Meridian Nursing Center, Inc. (Meridian), and Autumn Corporation (Autumn) were conditionally approved and that the remaining applications, including the joint applications of RHP and HCR, were denied.

Thereafter, several of the applicants, including HCR, timely requested a contested case hearing to review the agency's decisions. HCR's request was filed by counsel of record for HCR and RHP. A Notice of Appointment of Hearing Officer, issued 28 June 1985 by Robert J. Fitzgerald, Assistant Director of the Division of Facility Services of DHR, listed the parties that requested a hearing and did not name RHP. On 29 July 1985, Fitzgerald issued an amendment to that notice which stated that RHP was an additional petitioner and that mention of RHP's appeal was omitted from the original notice by oversight. Subsequently, during the period from 14 November 1985 to 18 March 1986, each entity which had requested a hearing formally withdrew from the contested case. HCR's "Notice of Withdrawal of Contested Case Appeal," filed 24 January 1986 by counsel for HCR and RHP, was ambiguously worded but purported to withdraw both HCR and RHP from the contested case.

On 6 February 1986, William L. Rambo, President of RHP, wrote to I. O. Wilkerson, Director of the Division of Facility Services, expressing the "opinion" that RHP's counsel was not authorized to withdraw RHP from the appeals process. On 18 March

1986, RHP gave notice to all parties that it was no longer represented by counsel and would appear for itself until further notice.

Having determined that the contested case was terminated by the withdrawal of all parties requesting a hearing, DHR, on 21 March 1986, issued certificates of need to Triad, Spencer Meridian, Meridian, and Autumn.

On 1 April 1986, RHP filed and served a "Notice of Renunciation of Notice of Withdrawal and Petition for Ruling Requiring Compliance with N.C. Gen. Stat. Sec. 150A-34(a) and (b)," requesting to be heard on the issue of the validity of the purported withdrawal of RHP from the contested case hearing. DHR responded by letter from Fitzgerald dated 7 April 1986, stating that RHP was not entitled to a contested case hearing because RHP had not filed a request for a hearing, that the Amendment to Notice of Appointment of Hearing Officer was issued in error, that the contested case had terminated by virtue of the withdrawal of all requests for a hearing, and that the issuance of the certificates of need constituted a final agency decision not subject to further administrative review.

RHP gave notice of appeal to this Court on 23 April 1986. On 15 August 1986, Triad, Meridian, Spencer Meridian, and Autumn filed a joint motion to dismiss RHP's appeal, pursuant to Rules 18 and 25 of the Rules of Appellate Procedure, on the ground that RHP had failed within the time allowed by the rules to take action regarding the record on appeal. As additional grounds for dismissal, the movants asserted (1) that RHP was not a party and had not exhausted its administrative remedies because it never requested a contested case hearing, (2) that if RHP ever was a party, it was withdrawn by the notice of withdrawal given by counsel for HCR and RHP, and (3) that RHP's application for a certificate of need was no longer viable following the withdrawal of HCR. The Certificate of Need Section of DHR filed a similar motion on the same day. Pursuant to Rule 25, the motion to dismiss was heard by I. O. Wilkerson of DHR, who made findings of fact, ruled in favor of the movants on all issues, and entered an order dismissing RHP's appeal on 19 September 1986.

RHP now seeks to appeal from the dismissal of its initial appeal, contending (1) that RHP was properly named a party to the contested case by DHR, (2) that RHP never withdrew, (3) that

RHP's right to judicial review does not depend upon the existence of a "viable" application for a certificate of need, and (4) that RHP timely pursued the steps necessary to its appeal. RHP requests this Court to remand the matter to DHR "for the resumption of the contested case hearing that was wrongfully terminated."

II

We deem it unnecessary to consider whether DHR's dismissal of RHP's earlier appeal was proper, based upon any of the grounds stated in the 19 September 1986 order, since, under the rule articulated by this Court in *Charlotte-Mecklenburg Hospital Authority v. North Carolina Department of Human Resources*, 83 N.C. App. 122, 349 S.E. 2d 291 (1986), that appeal to this Court, like the current appeal, was premature and was properly dismissed for that reason. In *Charlotte-Mecklenburg Hospital Authority*, we held that, under N.C. Gen. Stat. Sec. 131E-188(b), an actual "contested case hearing" is a jurisdictional prerequisite for a direct appeal to this Court from a final agency decision, and that "parties aggrieved by any other final agency decision are . . . required to appeal to the Wake County Superior Court pursuant to N.C. Gen. Stat. Sec. 131E-191(b) (1985 Cum. Supp.)." *Id.* at 125, 349 S.E. 2d at 293. Although a "contested case" resulted from the filing of the various requests for a contested case hearing, no hearing was ever held due to DHR's conclusion that the withdrawal of all parties had terminated the matter. Thus, regardless of whether RHP ever became a party to the contested case, RHP has clearly not been a party in a contested case *hearing* so as to be entitled to appeal to this Court. Indeed, the central issue RHP would now have us resolve—whether RHP is entitled to a contested case hearing—is similar to that which this Court declined to address in *Charlotte-Mecklenburg Hospital Authority*.

The foregoing analysis leads us to conclude that, following DHR's initial assertion that RHP was not entitled to a hearing, RHP's sole avenue of relief lay in an appeal to Wake County Superior Court for a determination of RHP's right to a contested case hearing, and that DHR thus correctly dismissed RHP's initial attempt to appeal directly to this Court. Furthermore, we likewise lack jurisdiction to entertain the current appeal. The fact that the present appeal comes to us in a slightly different pro-

cedural stance from that in *Charlotte-Mecklenburg Hospital Authority*—i.e., as an appeal from the dismissal of a previous appeal—does not alter the application of the rule that a contested case hearing must precede appeal to this Court.

Appeal dismissed.

Judges EAGLES and COZORT concur.