HCA CROSSROADS RESIDENTIAL CTRS. v. N.C. DEPT. OF HUMAN RES.

[99 N.C. App. 203 (1990)]

HCA CROSSROADS RESIDENTIAL CENTERS, INC. AND LAUREL WOOD OF
HENDERSON, INC., PETITIONERS v. NORTH CAROLINA DEPARTMENT
OF HUMAN RESOURCES, DIVISION OF FACILITY SERVICES, CER-
TIFICATE OF NEED SECTION, RESPONDENT (IN RE: PIA-ASHEVILLE, INC.
D/B/A APPALACHIAN HALL, PROPOSED INTERVENOR-RESPONDENT)

No. 8910DHR805

(Filed 19 June 1990)

**Administrative Law and Procedure § 55 (NCI4th) — motion to in-
tervene denied — proposed intervenor not "party" — no right
to appeal denial of motion**

Appalachian Hall, which operated a hospital providing
substance abuse, chemical dependency, and psychiatric serv-
ices to adolescents and adults in Buncombe County, had no
right of direct appeal to the Court of Appeals from the denial
of its motion to intervene in two cases where petitioners sought
certificates of need to develop adolescent chemical dependency
treatment facilities in Buncombe and Henderson Counties, since
Appalachian Hall was not and could not be a party to the
contested hearing involving petitioners until its motion to
intervene was approved. N.C.G.S. § 131E-188(b); N.C.G.S.
§ 150B-2(5).

**Am Jur 2d, Administrative Law §§ 369, 576.**

APPEAL by PIA-Asheville, Inc. (Appalachian Hall) from the
Decision of I. O. Wilkerson, Jr., Director of the Division of Facility
Services, North Carolina Department of Human Resources. Deci-
sion entered 23 March 1989. Heard in the Court of Appeals 13
February 1990.

*Moore & Van Allen, by Noah H. Huffstetler, III and Margaret
A. Nowell, for petitioner HCA Crossroads Residential Centers, Inc.*

*Bode, Call & Green, by Diana Evans Ricketts and S. Todd
Hemphill, for petitioner-appellee Laurel Wood of Henderson, Inc.*

*Attorney General Lacy H. Thornburg, by Assistant Attorney
General James A. Wellons, for respondent-appellee N. C. Depart-
ment of Human Resources.*

*Smith Helms Mulliss & Moore, by Maureen Demarest Murray,
Alan W. Duncan, William K. Edwards and Leslie C. O'Toole, for
proposed intervenor PIA-Asheville, Inc., d/b/a Appalachian Hall.*

HCA CROSSROADS RESIDENTIAL CTRS. v. N.C. DEPT. OF HUMAN RES.

[99 N.C. App. 203 (1990)]

ORR, Judge.

This appeal concerns an attempt by PIA-Asheville, Inc. d/b/a Appalachian Hall (Appalachian Hall) to intervene in two contested cases which were consolidated and heard before the Office of Administrative Hearings. Appalachian Hall operates a 100-bed hospital in Buncombe County. That facility provides substance abuse, chemical dependency and psychiatric services to both adolescents and adults.

On 16 May 1988, petitioner HCA Crossroads Residential Centers, Inc. (HCA) filed an application with the North Carolina Department of Human Resources, Certificate of Need Section, for the issuance of a certificate of need to develop a 48-bed adolescent chemical dependency treatment facility in Buncombe County. Also on or about 16 May 1988, petitioner Laurel Wood of Henderson, Inc. (Laurel Wood) filed an application with the North Carolina Department of Human Resources, Certificate of Need Section, for the issuance of a certificate of need to develop a 66-bed adolescent chemical dependency treatment facility in Henderson County. Both applications were received and denied by the Certificate of Need Section on 21 November 1988.

Each applicant thereafter filed a petition requesting a contested case hearing before the Office of Administrative Hearings. Subsequent to these two requests, the two cases were consolidated for hearing.

On 3 January 1989 and 6 January 1989, Appalachian Hall filed motions to intervene in the contested case hearing for HCA and Laurel Wood. Thereafter, both HCA and Laurel Wood filed requests for recommended summary judgment rulings in their favors. On or about 9 January 1989, the Office of Administrative Hearings recommended that summary judgment be entered in favor of HCA. On 25 January 1989, the Office of Administrative Hearings denied Appalachian Hall's motion to intervene. Then, on 27 January 1989, it recommended summary judgment be entered in favor of Laurel Wood.

On 14 February 1989, Appalachian Hall filed another motion to intervene and exceptions to the Office of Administrative Hearings' recommendations. These materials, which were filed with I. O. Wilkerson, Jr., the Director of the North Carolina Department of Human Resources, Division of Facility Services (the Director), also contained proposed findings of fact and conclusions of law.

HCA CROSSROADS RESIDENTIAL CTRS. v. N.C. DEPT. OF HUMAN RES.

[99 N.C. App. 203 (1990)]

Thereafter, both Laurel Wood and HCA filed responses with the Director opposing Appalachian Hall's proposed intervention.

The Director heard Appalachian Hall's motion on 2 March 1989. That motion was denied on the same day. The Director then heard arguments by HCA and Laurel Wood regarding the issuance of the certificates of need. Thereafter, the Director filed a final agency decision rejecting the recommended decisions to grant summary judgment in favor of HCA and Laurel Wood. On or about 23 March 1989, the Director signed a final agency decision denying Appalachian Hall's motion to intervene in accordance with the decision made by the Office of Administrative Hearings. From that decision, Appalachian Hall now appeals.

In this appeal, Appalachian Hall challenges the denial of its motion to intervene by the Department. However, based upon the facts of this case and the issues raised by the parties, we must first address the threshold jurisdictional question of whether Appalachian Hall has met the requirements for a direct appeal to this Court pursuant to N.C. Gen. Stat. § 131E-188(b) which states in pertinent part:

Any affected person who was a party in a contested case hearing shall be entitled to judicial review of all or any portion of any final decision of the Department in the following manner. The appeal shall be to the Court of Appeals as provided in G.S. 7A-29(a).

Petitioner HCA first argues that Appalachian Hall has no right to an appeal before this Court in that Appalachian Hall was not a party to any contested case hearing. Appalachian Hall relies on the definition of "party" set out in N.C. Gen. Stat. § 150B-2(5) and contends that it is in fact a party entitled to a direct appeal to this Court.

The jurisdictional question before us thus turns upon whether the definition of a "party" as used in N.C. Gen. Stat. § 150B-2(5) for purposes of the Administrative Procedures Act controls the use of that term in § 131E-188(b) dealing with direct appeals to this Court.

Under N.C. Gen. Stat. § 150B-2(5) of the Administrative Procedures Act, "party" means any person or agency (1) named as a party, (2) admitted as a party, or (3) properly seeking as of right to be admitted as a party. The first two categories do not apply

HCA CROSSROADS RESIDENTIAL CTRS. v. N.C. DEPT. OF HUMAN RES.

[99 N.C. App. 203 (1990)]

to Appalachian Hall since it was neither named as a party nor admitted as a party for purposes of the contested case. Appalachian Hall therefore argues that category three applies in that it was a party to the contested case because it was "seeking as of right to be admitted as a party. . . ." This interpretation is directly at odds with N.C. Gen. Stat. § 150B-23(d) which states: "Any person may petition *to become a party* by filing a motion to intervene . . . ." This is precisely the action taken by Appalachian Hall, the denial of which is the substantive basis of their appeal. Appalachian Hall's status therefore could not be any clearer by virtue of this provision. It was not and could not be a party to the contested hearing until its motion to intervene was approved.

We acknowledge that there exists some confusion from the definition of "party" which would appear to be contradictory to the conclusion stated above. A plausible explanation for the provision deeming a person who is "seeking as of right to be admitted as a party . . ." to in fact be a "party" can be derived from the notice provisions under the Administrative Procedures Act. At various stages of the proceedings, "part[ies]" are required to be given notice. *See* N.C. Gen. Stat. § 150B-23(b). By virtue of the definition of "party," persons currently "seeking as of right to be admitted as a party . . ." would be entitled to notice. However, for purposes of § 131E-188(b) and the right of appeal directly to this Court, Appalachian Hall would had to *have been* a party to the contested case by virtue of being allowed to intervene pursuant to § 150B-23(d).

Since Appalachian Hall was not a party to the contested case, it does not meet the jurisdictional requirements of N.C. Gen. Stat. § 131E-188(b) and its direct appeal to this Court must be dismissed. The requirements under N.C. Gen. Stat. § 131E-188(b) are jurisdictional prerequisites for a direct appeal to this Court from a full agency decision and parties aggrieved by any other final agency decision are required to appeal to the Wake County Superior Court. *See Rowan Health Properties, Inc. v. N.C. Dept. of Human Resources*, 89 N.C. App. 285, 365 S.E.2d 635 (1988), and *Charlotte-Mecklenburg Hosp. Authority v. N.C. Dept. of Human Resources*, 83 N.C. App. 122, 349 S.E.2d 291 (1986).

Dismissed.

Judges ARNOLD and JOHNSON concur.