COMMUNITY PSYCHIATRIC CTRS. v. N.C. DEPT. OF HUMAN RESOURCES

[103 N.C. App. 514 (1991)]

COMMUNITY PSYCHIATRIC CENTERS v. NORTH CAROLINA DEPARTMENT OF HUMAN RESOURCES, DIVISION OF FACILITY SERVICES, CERTIFICATE OF NEED SECTION

No. 8910OAH1256

(Filed 16 July 1991)

**Administrative Law § 56 (NCI4th); Hospitals § 2.1 (NCI3d)— certificate of need case—no contested case hearing—dismissal of appeal**

Petitioner's appeal in a certificate of need case is dismissed for lack of subject matter jurisdiction under N.C.G.S. § 131E-188(b) where no "contested case hearing" was held because the Administrative Law Judge granted DHR's motion to dismiss upon finding that a letter from petitioner was not a valid petition for a contested case hearing because it was not verified or supported by affidavit and that a verified petition thereafter received from petitioner was not timely. The result of petitioner's ineffective attempts to file a petition for a contested case hearing was only a contested case, and judicial review was available to petitioner only in the Wake County Superior Court or the superior court of the county of petitioner's residence pursuant to N.C.G.S. § 150B-45.

**Am Jur 2d, Administrative Law § 731.**

APPEAL by petitioner from order entered 23 May 1989 by Administrative Law Judge Beecher R. Gray in the Office of Administrative Hearings. Heard in the Court of Appeals 6 May 1991.

Petitioner's appeal arises from a decision of the North Carolina Department of Human Resources which denied petitioner's application for a certificate of need. Petitioner sought to challenge this decision in a contested case hearing in the Office of Administrative Hearings. From an order dismissing the action for lack of subject matter jurisdiction, petitioner appeals.

*Hunton & Williams, by John R. McArthur, and McGlinchey, Stafford, Mintz, Cellini & Lang, by Donna G. Klein and Eve Barrie Masinter, for petitioner-appellant.*

*Attorney General Lacy H. Thornburg, by Assistant Attorney General James A. Wellons, for respondent-appellee.*

ARNOLD, Judge.

Petitioner is not a "party in a contested case hearing" within the meaning of N.C. Gen. Stat. § 131E-188(b) (1988). This appeal must therefore be dismissed for lack of subject matter jurisdiction.

The Administrative Law Judge (A.L.J.) found the following facts. The Department of Human Resources (DHR) mailed petitioner notice that DHR had denied petitioner's application for a certificate of need on 26 December 1988. DHR first received a letter from petitioner captioned "Petition for Contested Case Hearing" on 20 January 1989. This letter was not verified or supported by affidavit. DHR received a second document from petitioner on 30 January 1989 requesting a contested case hearing. This document was verified.

From these findings the A.L.J. concluded the letter received on 20 January 1989 was not a valid petition and the second document received on 30 January 1989 was not timely filed. As a result the Office of Administrative Hearings did not have subject matter jurisdiction. The A.L.J. then entered an order granting DHR's motion to dismiss.

In *Charlotte-Mecklenburg Hospital Authority v. North Carolina Department of Human Resources*, 83 N.C. App. 122, 349 S.E.2d 291 (1986), we held that a "contested case hearing" is a jurisdictional prerequisite under G.S. § 131E-188(b) for a direct appeal to this Court from a final agency decision. A contested case hearing is distinguishable from a contested case. The phrase "contested case" extends beyond an adjudicatory hearing to include "any agency proceeding, by whatever name called, wherein the legal rights, duties and privileges of a party are required by law to be determined by an agency after an opportunity for an adjudicatory hearing." *Charlotte-Mecklenburg*, at 124, 349 S.E.2d at 292; see N.C. Gen. Stat. § 150B-2(2) (1987).

The result of petitioner's ineffective attempts to file a petition for a contested case hearing was only a contested case. A contested case hearing was not held because the A.L.J. granted DHR's motion to dismiss. *See Rowan Health Properties, Inc. v. North Carolina Dept. of Human Resources*, 89 N.C. App. 285, 365 S.E.2d 635 (1988). Without this jurisdictional prerequisite petitioner cannot utilize G.S. § 131E-188(b) to appeal to this Court.

DOE v. HOLT

[103 N.C. App. 516 (1991)]

"Any person who is aggrieved by the final decision in a *contested case* . . . is entitled to judicial review of the decision under this Article. . . ." N.C. Gen. Stat. § 150B-43 (1987) (emphasis added). "To obtain judicial review of a final decision under this Article, the person seeking review must file a petition in the Superior Court of Wake County or in the superior court of the county where the person resides." N.C. Gen. Stat. § 150B-45 (1987). Petitioner's relief was to be found under these statutory provisions rather than G.S. § 131E-188(b).

Appeal dismissed.

Judges WELLS and PHILLIPS concur.