**IREDELL MEM. HOSP. v. N.C. DEPT. OF HUMAN RESOURCES**

[103 N.C. App. 637 (1991)]

IREDELL MEMORIAL HOSPITAL, PETITIONER v. NORTH CAROLINA DE-
PARTMENT OF HUMAN RESOURCES, DIVISION OF FACILITY SERV-
ICES, CERTIFICATE OF NEED SECTION, RESPONDENT, AND BRYANT
STREET ASSOCIATES AND IREDELL HEAD, NECK & EAR SURGEONS,
P.A., RESPONDENT-INTERVENORS

No. 9010OAH760

(Filed 6 August 1991)

### Administrative Law and Procedure § 56 (NCI4th)— certificate of need—settlement—not a contested case

An appeal to the Court of Appeals from the dismissal
by an administrative law judge of a petition for a contested
case hearing was dismissed for lack of subject matter jurisdic-
tion where Iredell and Bryant Street both applied for a cer-
tificate of need; the applications were considered concurrently
but not competitively; both were denied and both filed for
contested case hearings in the Office of Administrative Hear-
ings; Bryant Street and DHR settled their claims and DHR
issued Bryant a certificate of need; Iredell requested a
declaratory ruling from DHR on its right to appeal or compel
administrative review of the settlement agreement; DHR ruled
that Iredell had a statutory right to appeal the settlement
agreement but that DHR lacked authority to withdraw the
certificate of need; Iredell filed a second petition for a con-
tested case hearing; Bryant Street intervened and moved to
dismiss Iredell's petition; that motion was granted; and Iredell
appealed to the Court of Appeals. It is clear that the case
was dismissed before a contested case hearing was begun and
that the decision appealed from is an agency decision which
must be appealed to superior court. N.C.G.S. § 131E-188(b),
N.C.G.S. § 150B-45.

**Am Jur 2d, Administrative Law §§ 559, 731, 732, 745.**

APPEAL by petitioner from Order of Administrative Law Judge
Thomas R. West, entered 19 April 1990 in WAKE County Office
of Administrative Hearings, Hearing Division. Heard in the Court
of Appeals 11 February 1991.

*Womble Carlyle Sandridge & Rice, by Anthony H. Brett and
Johnny M. Loper, for petitioner appellant.*

**IREDELL MEM. HOSP. v. N.C. DEPT. OF HUMAN RESOURCES**

[103 N.C. App. 637 (1991)]

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Meg Scott Phipps, for the respondent appellee, the North Carolina Department of Human Resources.*

*Poyner & Spruill, by Mary Beth Johnston and Wilson Hayman, for respondent-intervenors appellees, Bryant Street Associates and Iredell Head, Neck & Ear Surgeons, P.A.*

COZORT, Judge.

Iredell Memorial Hospital ("Iredell") and Bryant Street Associates and Iredell Head, Neck & Ear Surgeons, P.A. ("Bryant Street"), on 15 June 1989 applied for a Certificate of Need ("CON") from the respondent North Carolina Department of Human Resources ("DHR"). The CON applications were for a license to operate free-standing ambulatory surgical facilities. DHR considered the applications concurrently, but not competitively. On 27 November 1989, DHR denied both Iredell's and Bryant Street's applications. Both Iredell and Bryant Street filed for contested case hearings in the Office of Administrative Hearings ("OAH") to appeal the denial of the applications. Iredell, on 5 February 1990, filed a motion to consolidate the cases. Prior to that motion being heard, Bryant Street and DHR, on 15 February 1990, settled their claims. Also on 15 February 1990, DHR issued Bryant Street a CON, and Bryant Street agreed to take a voluntary dismissal with prejudice on the contested case hearing.

On 27 February 1990, Iredell requested a declaratory ruling from the Director of the Division of Facility Services in DHR as to Iredell's right to appeal or compel an administrative review of the settlement agreement between Bryant Street and DHR. In addition, Iredell sought the withdrawal of Bryant Street's CON. The Director, on 7 March 1990, issued a Declaratory Ruling concluding that Iredell had a statutory right to appeal the settlement agreement, but that the Division of Facility Services lacked statutory authority to withdraw Bryant Street's CON. Iredell then filed a second Petition for a Contested Case Hearing with OAH on 15 March 1990. On 16 March 1990, Bryant Street filed a petition to intervene and a motion to dismiss on the grounds that (1) the administrative law judge ("ALJ") lacked subject matter jurisdiction to hear the contested case, (2) Iredell's petition failed to state a claim upon which relief could be granted, and (3) Iredell failed to join Bryant Street, a necessary party in its contested case.

Bryant Street's petition to intervene was granted 28 March 1990. Bryant Street's motion to dismiss Iredell's petition was granted on 19 April 1990. Iredell appeals. We dismiss the appeal for lack of subject matter jurisdiction.

The right to administrative and judicial review of decisions regarding certificates of need is governed by N.C. Gen. Stat. § 131E-188 (1988). Subsection (a) of that statute provides in part:

> (a) After a decision of the Department to issue, deny or withdraw a certificate of need or exemption, any affected person, as defined in subsection (c) of this section, shall be entitled to a contested case hearing under Article 3 of Chapter 150B of the General Statutes. A petition for a contested case shall be filed within 30 days after the Department makes its decision. . . .

A contested case shall be conducted in accordance with the following timetable:

> (1) An administrative law judge or a hearing officer, as appropriate, shall be assigned within 15 days after a petition is filed.
>
> (2) The parties shall complete discovery within 90 days after the assignment of the administrative law judge or hearing officer.
>
> (3) The hearing at which sworn testimony is taken and evidence is presented shall be held within 45 days after the end of the discovery period.
>
> (4) The administrative law judge or hearing officer shall make his recommended decision within 75 days after the hearing.
>
> (5) The Department shall make its final decision within 30 days of receiving the recommended decision.

Under Article 3 of Chapter 150B of the General Statutes, judicial review of a final decision under that article is to be had in the Superior Court of Wake County or the superior court of the county where the person seeking review resides. N.C. Gen. Stat. § 150B-45 (1987).

Direct appeal to the Court of Appeals for review of certificate of need decisions is provided for in N.C. Gen. Stat. § 131E-188(b) (1988):

> (b) Any affected person who was a party in a contested case hearing shall be entitled to judicial review of all or any portion of any final decision of the Department in the following manner. The appeal shall be to the Court of Appeals as provided in G.S. 7A-29(a). The procedure for the appeal shall be as provided by the rules of appellate procedure. The appeal of the final decision of the Department shall be taken within 30 days of the receipt of the written notice of decision required by G.S. 131E-187 and notice of appeal shall be filed with the Division of Facility Services, Department of Human Resources and with all other affected persons who were parties to the contested hearing.

The initial issue for our determination is whether Iredell is entitled to appeal directly to this Court the decision by the administrative law judge to dismiss Iredell's Petition for a Contested Case Hearing.

In *Rowan Health Properties, Inc. v. N.C. Dept. of Human Resources*, 89 N.C. App. 285, 365 S.E.2d 635 (1988), we stated:

> In *Charlotte-Mecklenburg Hospital Authority*, we held that, under N.C. Gen. Stat. Sec. 131E-188(b), an actual "contested case hearing" is a jurisdictional prerequisite for a direct appeal to this Court from a final agency decision, and that "parties aggrieved by any other final agency decision are . . . required to appeal to the Wake County Superior Court pursuant to N.C. Gen. Stat. Sec. 131E-191(b) (1985 Cum. Supp.)." *Id.* at 125, 349 S.E.2d at 293. Although a "contested case" resulted from the filing of the various requests for a contested case hearing, no hearing was ever held due to DHR's conclusion that the withdrawal of all parties had terminated the matter. Thus, regardless of whether RHP ever became a party to the contested case, RHP has clearly not been a party in a contested case *hearing* so as to be entitled to appeal to this Court. Indeed, the central issue RHP would now have us resolve—whether RHP is entitled to a contested case hearing—is similar to that which this Court declined to address in *Charlotte-Mecklenburg Hospital Authority*.

*Id.* at 288, 365 S.E.2d at 637 (emphasis in original). In this case, Iredell appealed the dismissal of its Petition for a Contested Case Hearing. The Order granting Bryant Street's motion to dismiss stated:

> It appearing that the issuance of a Certificate of Need to Bryant Street by virtue of the Settlement Agreement is not a "decision" as that term is used in G.S. 131E-186, 131E-187, or 131E-188. Any conclusion by Respondent to the contrary, as expressed in its Declaratory Ruling, dated March 7, 1990, is binding only on it and Petitioner. The Declaratory Ruling is also of dubious legality since it purports to interpret a statute, G.S. 131E-188, which is not administered by the Department of Human Resources.

> It is, therefore, **ORDERED**, that Bryant Street's Motion to Dismiss for a lack of jurisdiction is **GRANTED**. This Contested Case is, therefore, **DISMISSED**.

It is clear that the case below was dismissed *before* a contested case hearing was conducted. Iredell's appeal is thus not an appeal from a final Department decision in a contested case hearing, which gives right of appeal directly to the Court of Appeals under N.C. Gen. Stat. § 131E-188(b). Rather, the decision appealed from below is an agency decision which must be appealed to Superior Court, in accordance with our holding in *Rowan Health Properties*, and in accordance with N.C. Gen. Stat. § 150B-45. We note that a separate panel of this Court has recently reached the same conclusion in a case where the Administrative Law Judge dismissed a petition for a contested case hearing on the basis that the Office of Administrative Hearings lacked subject matter jurisdiction. *Community Psychiatric Centers v. North Carolina Department of Human Resources*, 103 N.C. App. 514, 405 S.E.2d 769 (1991). Iredell's appeal is, therefore,

Dismissed.

Chief Judge HEDRICK and Judge LEWIS concur.